**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-cv-23379-EA**

**Musab Mohamed Alhussein**,

      Petitioner,

v.

**E.K. Carlton, Warden, Miami Federal**
**Detention Center,** *et al.*,

      Respondents.

_____/

## <u>ORDER DISMISSING PETITION WITHOUT PREJUDICE</u>

**THIS CAUSE** comes before the Court on Petitioner Musab Mohamed Alhussein's *pro se*

Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition")

[ECF No. 1]. The Court has screened the Petition in accordance with Rule 4 of the Rules

Governing § 2254 Cases[1] and finds that it should be **DISMISSED WITHOUT PREJUDICE**.

### Legal Standards

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner

is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3).  However, "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner."  Rule 4, Rules Governing § 2254 Cases in the United

States District Courts; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are

---

[1] The Court may, in its discretion, apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" (citation omitted)).   Therefore, when a *pro se* prisoner files a petition that "might be able to make out a plausible claim," courts are instructed to afford such a prisoner the opportunity to amend the petition.   *See Woldeab v. Dekalb Cnty. Bd. of Edu.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018).

### Analysis

Under Rule 2(c) of the Rules Governing § 2254 Cases, a habeas petition must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."   Rule 2(c)(1)–(5), Rules Governing § 2254 Cases in the United States District Courts.   Under Rule 2(c)(2), Petitioner is required to satisfy a "heightened" fact pleading standard: "notice pleading" under Rule 8 of the Federal Rules of Civil Procedure is insufficient.   *See* Rule 2(c)(2), Rules Governing Section 2255 Proceedings for the United States District Courts (requiring that a movant "state the facts supporting each ground" in a motion); *see also McFarland*, 512 U.S. at 856.

While the claims in the Petition are far from clear, Petitioner appears to allege that (1) he is immune from immigration detention because he "has a treaty with the United States" and (2) the Broward County court that convicted him lacked jurisdiction over him [ECF No. 1 pp. 4–5].   He asks that this Court (1) find that the Broward County conviction is void, (2) declare the Broward County conviction as an invalid "basis for removal, deportation or immigration purposes," (3) "[r]evoke ICE . . . authority over petitioner because of immunity," and (4) order his "immediate release from custody" [ECF No. 1 p. 4].   Because Petitioner appears to challenge both

his immigration detention *and* his state conviction, this Court has construed the Petition as brought under § 2241 [*see also* ECF No. 1 p. 1 ("Petition under 28 U.S.C. § 2241")].

However, no matter how the Court construes the instant Petition, the claims raised therein are facially deficient.

Petitioner argues that he has a "treaty" with the United States, which he appears to argue entitled him to criminal immunity and deprived the Broward County court of jurisdiction over his criminal prosecution [ECF No. 1 pp. 3–4]. But Petitioner fails to identify with any factual specificity *what* treaty he is referring to. Additionally, in support of his claims, Petitioner cites to *Starr Int'l Company, Inc. v. United States*, No. 14-cv-01593, 2016 WL 410989 (D.D.C. Feb. 2, 2026), *reversed and remanded*, 910 F.3d 527 (D.C. Cir. 2018) [ECF No. 1 p. 3]. But *Starr* involved a "U.S.-Swiss tax treaty," *id.* at *1, not a challenge to a prisoner's detention. Further, the Petition indicates that Petitioner was convicted of aggravated battery, aggravated fleeing and eluding, reckless driving, and driving with license suspended [ECF No. 1 pp. 1–2]. None of these offenses involve tax-related matters, and Petitioner does not clearly indicate how *Starr* applies to his case.

Therefore, on these facts alone, Petitioner fails to state a claim for relief under the Rules Governing § 2254 Cases. That being said, Petitioner's initial failure to abide by the Rules Governing § 2254 cases does not, at this point, support dismissal of the entire action. Therefore, Petitioner shall be afforded on **FINAL** opportunity to file an Amended Petition, which must cure the deficiencies identified in this Order. The Amended Petition shall be the sole, operative pleading in this case, and it may not incorporate by reference any other filings. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219–20 (11th Cir. 2007) (citations omitted); *see also* S.D. Fla. L.R. 15.1. Therefore, the Amended Petition must "simpl[y], concise[ly], and direct[ly]" state: all

allegations; all grounds for relief and "the facts supporting each ground;" and "the relief requested." Fed. R. Civ. P. 8(d)(1); Rule 2(c), Rules Governing § 2254 Cases in the United States District Courts. It must also be filed on the Court's form habeas petition, which is attached to the instant Order, or otherwise "substantially follow" that form. Rule 2(d), Rules Governing § 2254 Cases in the United States District Courts; S.D. Fla. L. R. 88.2(a). **Petitioner is cautioned that his failure to comply with this Order shall result in dismissal of this case without prejudice and without further notice.**

### Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **June 22, 2026**, Petitioner **shall** file an Amended Petition which cures the deficiencies outlined in this Order. This will be Petitioner's **final** opportunity to file an amended petition in this case.

3. Petitioner is again cautioned that his failure to file an Amended Petition by the Court's imposed deadline that complies with this Order, the Federal Rules of Civil Procedure, the Court's Local Rules, or the Rules Governing § 2254 Cases **shall** result in dismissal of this case without prejudice and without further notice.

4. **The Clerk SHALL MAIL a copy of this Order ALONG WITH the Court's form habeas petition to Petition at the address below and thereafter confirm compliance on the docket**.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of May 2026.

Ed Artau

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Musab Mohamed Alhussein,** *pro se*
A# 064232481

4

Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Carolina Perez Schmerold**
DOJ-USAO
99 N.E. 4th St.
Miami, FL 33132
Email: carolina.perez@usdoj.gov